# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JENNIFER ROLLINS,            :    Case No.:

         Plaintiff,            :

vs.            :

BANKER LOPEZ & GASSLER, P.A.,      :

         Defendant.           :

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JENNIFER ROLLINS ("Ms. Rollins"), by and through her attorneys, alleges and states as follows:

### PRELIMINARY STATEMENT

1. The Plaintiff, Ms. Rollins, brings this action against Defendant BANKER LOPEZ & GASSLER, P.A., ("BLG" or "Defendant") for violations of Title VII of the Civil Rights Act of 1964 (Title VII) (Banker) as amended by the Pregnancy and Discrimination Act of 1978 and the Family and Medical Leave Act (FMLA) (29 U.S.C. §§ 2601-2654), the Americans with Disabilities Act of 1990 ("ADA") as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. §§ 12101 to 12213 (collectively, the "ADA"), and the Florida Civil Rights Act (FCRA).

2. Defendant hired Ms. Rollins in January of 2017 as a legal assistant. During her tenure at BLG, Ms. Rollins worked hard, overcame obstacles, was commended for her performance, and was never disciplined.

3. Despite Ms. Rollins' many achievements, Defendant subjected her to discrimination and retaliation because she was a pregnant woman, disabled, and had exercised her leave rights protected by the FMLA, Title VII, and the FCRA.

4. On March 25, 2019, Defendant summarily fired Ms. Rollins.

## JURISDICTION

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under Title VII, and the FMLA, and the FCRA. This court has supplemental jurisdiction over plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

## VENUE

6. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3), in that the unlawful employment practice was committed in this district, BLG has its principal office in this district, and there is no other district that has substantial connection to the claim.

## CONDITIONS PRECEDENT

7. On April 25. 2019, Ms. Rollins timely dual-filed a charge of pregnancy/sex discrimination, disability discrimination, and retaliation with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Rights (FCHR).

8. On or about August 22, 2019, the EEOC issued Ms. Rollins a Notice of Right to Sue. This Complaint has been filed within 90 days of receipt of that notice.

9. Ms. Rollins has exhausted all administrative remedies required by the applicable statutes.

10. All conditions precedent to bringing this action have occurred or been waived.

## PARTIES

11. At all times relevant to this action, Ms. Rollins was an employee, as defined by Title VII, and the FCRA, and is an eligible employee as defined by the FMLA.

12. Defendant BLG is a Florida Professional Association with corporate headquarters located in Tampa. Florida.

13. BLG is an employer as defined by Title VII, the FMLA, and the FCRA.

## FACTS

14. Ms. Rollins began working for Defendant on or about January 23, 2017 as a legal secretary.

15. Ms. Rollins having been diagnosed with cerebral aneurysm prior to her employment with BLG, is a qualified individual with a disability under the Americans with Disabilities Act of 1990, as amended.

16. In October of 2017 Ms. Rollins notified Defendant, specifically Troy McRitchie and Eric Hogrefe, that she was pregnant and would need to take medical leave.

17. Ms. Rollins began her pre-approved FMLA pregnancy leave on June 14, 2018 and returned to work on September 4, 2018.

18. Upon her return, Ms. Rollins found that she was assigned to an additional attorney and a heavier case volume. Ms. Rollins was assigned to four attorneys, while all other legal secretaries were only assigned to one.

19. A few months later, her role at the firm was changed. Ms. Rollins had previously handled glass cases, but after her maternity leave, she was assigned to PIP cases, which were far more complex and time consuming for her to open and manage.

20. BLG treated similarly-situated employees who did not have children, had not been pregnant, or had not taken FMLA leave more favorably.

21. Ms. Rollins reached out to her supervising attorneys and human resources on more than one occasion regarding the issues she had been facing since returning from her maternity leave, to no avail.

22. In late February of 2019, Ms. Rollins met with three attorneys, while a human resources representative attended by phone, to discuss the fact that her workload was overwhelming. Ms. Rollins indicated that she was having trouble taking sufficient breaks to pump breastmilk and was unable to take her lunchbreaks. Following the meeting there was no improvement.

23. On February 27, 2019, Ms. Rollins emailed Attorney Kristin Gonzalez, informing her that the workload had become unmanageable and was increasing the intensity and frequency of Ms. Rollins' headaches. Ms. Rollins requested assistance from Ms. Gonzalez in reducing her workload.

24. Rather than work with Ms. Rollins to address the issues mentioned in her email, Banker terminated Ms. Rollins' employment, without warning, on March 25, 2019 and presented her with a severance agreement.

25. Ms. Rollins' employment was terminated only a month after she complained of discrimination and failure to accommodate.

## COUNT ONE

**Discrimination Based on Pregnancy in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et al.) as Amended by the Pregnancy Discrimination Act of 1978.**

26. Ms. Rollins repeats and realleges paragraphs 1 through 25 hereof, as if fully set forth herein.

27. Ms. Rollins had recently given birth and was qualified for her position when Defendant fired her.

28. BLG treated non-pregnant similarly-situated employees more favorably.

29. Ms. Rollins suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

30. Defendant intentionally violated Ms. Rollins' rights under Title VII, with malice or reckless indifference, and, as a result, is liable for punitive damages.

## COUNT TWO

**Retaliation in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et al.) as Amended by the Pregnancy Discrimination Act of 1978.**

31. Ms. Rollins repeats and realleges paragraphs 1 through 25 hereof, as if fully set forth herein.

32. Ms. Rollins was had recently given birth and was qualified for her position when Defendant fired her.

33. On or about February 22 and 27, 2019 Ms. Rollins engaged in protected activity by complaining about discriminatory treatment based on her pregnancy.

34. Only a month after Ms. Rollins complained of pregnancy discrimination, Defendant summarily fired Ms. Rollins on March 25, 2019.

35. Defendant's alleged reason for terminating Ms. Rollins' employment is pretextual and baseless.

36. Defendant fired Ms. Rollins because she complained of discrimination.

37. Ms. Rollins suffered damages as a result of Defendant's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

38. Defendant intentionally violated Ms. Rollins' rights under Title VII, with malice or reckless indifference, and, as a result, is liable for punitive damages.

## COUNT THREE

**Retaliation in Violation of the Family and Medical Leave Act (FMLA)**
**(29 U.S.C. §§ 2601-2654).**

39. Ms. Rollins repeats and realleges paragraphs 1 through 25 hereof, as if fully set forth herein.

40. Ms. Rollins had recently given birth and was qualified for her position when Defendant fired her.

41. From June to September of 2018, Ms. Rollins engaged in protected activity by taking leave under the terms permitted by the FMLA.

42. Immediately after Ms. Rollins returned to work following her leave, Defendant began retaliating against her by increasing her workload, assigning four attorneys to her while all other legal secretaries were only assigned one, and ultimately terminating her employment on March 25, 2019 allegedly because of poor performance.

43. Defendant's alleged reason for terminating Ms. Rollins' employment is pretextual and baseless. Defendant fired Ms. Rollins because she took FMLA leave to care for her newborn child.

44. Ms. Rollins suffered damages as a result of Defendant's unlawful retaliatory actions, including past and future lost wages and benefits and the costs of bringing this action.

45. Defendant willfully violated Ms. Rollins' rights under the FMLA and, as a result, is liable for liquidated damages.

## COUNT FOUR
### Pregnancy Discrimination in Violation of the FCRA

46. Ms. Rollins repeats and realleges paragraphs 1 through 25 hereof, as if fully set forth herein.

47. Ms. Rollins had recently given birth and was qualified for her position when Defendant fired her.

48. BLG treated similarly-situated employees who had not been recently pregnant more favorably.

49. Ms. Rollins suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT FIVE

### Retaliation in Violation of the FCRA.

50. Ms. Rollins repeats and realleges paragraphs 1 through 23 hereof, as if fully set forth herein.

51. Ms. Rollins was had recently given birth and was qualified for her position when Defendant fired her.

52. On or about February 22 and 27, 2019 Ms. Rollins engaged in protected activity by complaining about discriminatory treatment based on her pregnancy.

53. Only a month after Ms. Rollins complained of pregnancy discrimination, Defendant summarily fired Ms. Rollins on March 25, 2019.

54. Defendant's alleged reason for terminating Ms. Rollins' employment is pretextual and baseless.

55. Defendant fired Ms. Rollins because she complained of discrimination.

56. Ms. Rollins suffered damages as a result of Defendant's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT SIX

### Discrimination in Violation of the Americans with Disabilities Act
### 42 U.S.C. §§ 12181 *et seq*.

57. Ms. Rollins repeats and realleges paragraphs 1 through 25 hereof, as if fully set forth herein.

58. Ms. Rollins was disabled and/or perceived as disabled, and qualified for her position when Defendant fired her.

59. BLG treated similarly-situated employees who were not disabled and/or perceived as disabled.

60. Ms. Rollins suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

### COUNT SEVEN

### Disability Discrimination in Violation Of The FCRA

61. Ms. Rollins repeats and realleges paragraphs 1 through 25 hereof, as if fully set forth herein.

62. Ms. Rollins was disabled and/or perceived as disabled, and qualified for her position when Defendant fired her.

63. BLG treated similarly-situated employees who were not disabled and/or perceived as disabled.

64. Ms. Rollins suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for her past and future loss of wages and benefits, plus interest;

C. Order Defendant to reinstate Plaintiff to a position comparable to her former position or, in lieu of reinstatement, award her front pay (including benefits);

D. Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest;

E. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

F. Award to Plaintiff compensatory damages;

G. Award to Plaintiff punitive damages; and

H. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: September 20, 2019.

Respectfully submitted by,

*Amanda Ellen B. Clay, Esq.*

Amanda Ellen B. Clay, Esq.
Florida Bar No.: 28808
Three Thirteen Law, PLLC
100 S. Ashley Dr., Suite 600
Tampa, FL 33602
ph. (813) 530-9849
mandi@threethirteenlaw.com
313docket@gmail.com
Paralegal2@threethirteenlaw.com