UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER ROLLINS,

      Plaintiff,

v.                                    Case No. 8:19-cv-2336-T-33SPF

BANKER LOPEZ & GASSLER, PA,

      Defendant.

_____/

## ORDER

This matter is before the Court on Defendant Banker Lopez & Gassler, PA's Motion to Compel Janova Events, LLC's Production of Documents Responsive to Defendant's Subpoena (Doc. 22) and Motion to Compel Plaintiff's Discovery Responses (Doc. 23). Non-party Janova Events, LLC filed a Response to the motion to compel directed to it (Doc. 28), and Plaintiff filed a Response to the motion to compel directed to her (Doc. 29). In this action, Plaintiff alleges pregnancy and disability discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act of 1992, the Americans with Disabilities Act, and the Family and Medical Leave Act (Doc. 1). Defendant has asserted a number of defenses including the after-acquired evidence rule, mitigation of damages, and the defense that Plaintiff was terminated for legitimate, non-retaliatory, and non-discriminatory reasons (Doc. 18).

Rule 26 permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The term "relevant" is "construed broadly to encompass any matter that bears

on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "When discovery appears relevant on its face, the party resisting the discovery has the burden to establish facts justifying its objections by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1); or (2) is of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure." *Gov't Emps. Ins. Co. v. Clear Vision Windshield Repair, L.L.C.*, No. 6:16-cv-2077-Orl-28TBS, 2017 WL 7370979, at *2 (M.D. Fla. Mar. 20, 2017) (citation omitted). "The scope of discovery under a Rule 45 subpoena is the same as the scope of discovery under Rule 26." *Woods v. On Baldwin Pond, LLC*, No. 6:13-cv-726-Orl-19DAB, 2014 WL 12625078, at *1 (M.D. Fla. Apr. 2, 2014) (citation omitted).

Moreover, failure to make timely objections to the discovery waives those objections. *See* Middle District Discovery (2015) at § III.A.6 ("Absent compelling circumstances, failure to assert an objection to a request for production within the time allowed for responding constitutes a waiver and will preclude a party from asserting the objection in response to a motion to compel.") and § IV.B.1 (stating the same rule for objections to interrogatories); *see also Third Party Verification, Inc. v. SignatureLink, Inc.*, No. 6:06-cv-415-Orl-22DAB, 2007 WL 1288361, at *2 (M.D. Fla. 2007) ("A party failing to serve an objection to a discovery request within the time required by Fed.R.Civ.P. 33 or 34, in the absence of good cause or of an extension of time to do so, waives the right to later raise objections."); *Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 697 (M.D. Fla. 2005) (a "[f]ailure to serve written objection to a subpoena within the time specified by Fed. R. Civ. P. 45 typically waives any objections the party may have").

*Motion to Compel Janova*

Non-party Janova Events, LLC ("Janova") is a company owned and controlled by Plaintiff that provides wedding and event planning services.  Defendant seeks discovery relating to Janova "because: (1) it believes that some of Plaintiff's attendance problems while Defendant employed her were caused by her work for Janova; (2) to the extent Plaintiff was working for Janova during Defendant's business hours, Defendant has a right to recover monies paid to Plaintiff while Defendant employed her and/or set off said amounts against any amounts that may be found due and owing to Plaintiff; and (3) any monies Plaintiff earned from Janova mitigate her alleged damages." (Doc. 23 at ¶ 3).  Defendant served a subpoena on Janova ("Janova Subpoena") containing 14 document requests.[1]  Janova did not serve written objections to the Janova Subpoena.  Defendant asserts that Janova provided very few documents responsive to the Janova Subpoena and, from the face of the documents and from communications with Janova's/Plaintiff's counsel, failed and/or refused to produce many documents responsive to the Janova Subpoena.  Defendant also asserts that, despite the fact that Plaintiff required Defendant to serve a subpoena on Janova, Janova does not operate independently from Plaintiff.[2]  As such, Defendant's motion to compel Janova's production seeks the requested production from Plaintiff and/or Janova.

Defendant seeks an order compelling Janova to produce responsive documents to Requests 4, 6, 10, 12, 13, and 14 and to preserve documents related to Janova's business as

---

[1] Plaintiff's counsel represents Janova in connection with responding to the Janova Subpoena.
[2] Defendant supports this contention by pointing to Janova's/Plaintiff's counsel's representation that Janova does not issue 1099 or W-2 forms to Plaintiff or any other individuals involved with its business and does not make any payments to Plaintiff. Defendant also asserts that Janova's entire business appears to be run through Plaintiff's personal accounts.

well as awarding Defendant attorneys' fees and costs incurred in moving to compel. In response, Janova contends that it has produced all documents responsive to the Janova Subpoena or no responsive documents exist and that, as a non-party, it is not under any preservation requirement. Janova also argues the documents requested are not relevant to Defendant's after-acquired evidence defense or in regard to mitigation.

As to Request 6, Defendant's motion is denied as moot because Janova states that "all responsive documents have been produced." (Doc. 28 at 1). As to Requests 4, 10, 12, 13, and 14, Defendant's motion is granted. Janova has waived objections such as relevancy by not timely objecting. *See Universal City*, 230 F.R.D. at 697. To the extent Janova does not have any responsive documents, it should respond as such.

### *Motion to Compel Plaintiff*

Defendant also seeks an order compelling Plaintiff to amend her responses to Defendant's First Set of Interrogatories as to Interrogatories 34, 35, 36, 41, 42, and 55, to produce documents responsive to Defendant's First Request for Production Requests 4, 6, 10, and 14, to preserve documents responsive to its Requests, and awarding Defendant attorneys' fees and costs incurred in moving to compel. In response, Plaintiff contends that the majority of information sought by Defendant is already in Defendant's possession or does not exist. Plaintiff further responds that she served supplemental responses to interrogatories on April 1, 2020, after the motion to compel was filed. (*See* Doc. 29-1). Finally, Plaintiff asserts that Interrogatories 4, 10, and 14 have been supplemented and all details regarding all these interrogatories were obtained during Plaintiff's deposition and that the information sought by Interrogatory 6 was previously provided.

As to Requests 34, 35, 41, and 42, the motion is denied as moot because Plaintiff states

4

that "all responsive documents have been produced." As to Request 36, Defendant's motion is granted. Plaintiff fails to address Request 36 in her Response and waived any objection by failing to timely file an objection. *See Third Party Verification*, 2007 WL 1288361, at *2.

As to Request 55, the motion is denied. Request 55 seeks "[a]ll contents of any electronic database, including, but not limited to, Facebook, Instagram, LinkedIn, and Twitter, kept by [Plaintiff] recording any events, incidents or activities concerning the allegations in the Complaint." (Doc. 23-3 at ¶ 55). Plaintiff timely objected to the Request as "overly broad and burdensome. There is no effective or efficient way to cull social media sites for relevant information and the time and expense to do so far outweighs any evidentiary value." (Doc. 23-3 at ¶ 55). While Defendant concedes that it can view and save this information, it argues that it cannot view and save Facebook information in the same manner as Plaintiff. Defendant argues, among other things, that "Plaintiff's download of the information would present the information in a more palatable organized and chronological format" and that it "would reveal other non-public information, such as posts [Plaintiff] commented on and messages she sent." (Doc. 23 at 13-14). While social networking site content is subject to discovery, it is subject to the threshold showing that the discovery is relevant to a party's claim or defense and proportional to the needs of the case. *See Martin v. Halifax Healthcare Sys.*, No. 6:12-cv-1268-Orl-37DAB, 2013 WL 12153535, at *2 (M.D. Fla. Dec. 31, 2013) (citations omitted); Fed. R. Civ. P. 26. Here, although the request is arguably relevant to Defendant's defenses of after-acquired evidence and mitigation of damages, it is not proportional to the needs of the case, especially in light of the relative access both parties have to the information. Plaintiff's objection to this Request is sustained.

As to Interrogatories 4, 10, and 14, Defendant's motion is granted. Plaintiff's response

to each of these Interrogatories includes "See also, the transcript of Plaintiff's deposition" or similar language.  This response is inadequate.  "Because a party is entitled to discovery both by deposition and interrogatory, it is ordinarily insufficient to answer an interrogatory by reference to an extrinsic matter, such as 'see deposition of James Smith' or 'see insurance claim.'"  *See* Middle District Discovery (2015) at IV.C.3.

As to Interrogatory 6, Defendant's motion is granted.  Plaintiff's supplemental response stated that responsive information from March 25, 2019 (the date of Plaintiff's termination) had been provided in response to previous interrogatories.  (Doc. 29-1 at ¶ 6). Although not included in Plaintiff's supplemental response, Plaintiff states in her Response to the motion to compel that "all details regarding the same were obtained during Plaintiff's deposition."  (Doc. 29 at 4).  For the reasons stated above, this response is inadequate.

*Preservation of Documents*

"A party's duty to preserve evidence comes into being when the party has notice that the evidence is relevant to the litigation or should have known that the evidence may be relevant." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015); *see also Wooden v. Barringer*, No. 3:16-cv-446-MCR-GRJ, 2017 WL 5140518, at *7 (N.D. Fla. Nov. 6, 2017).  While there is no general duty in the common law for an independent non-party to preserve evidence, the duty may extend to a non-party when there is a special relationship involving the non-party. *See Tassin v. Bob Barker Co., Inc.*, No. 16-0382-JWD-EWD, 2017 WL 9963365, at *1 (M.D. La. Sept. 28, 2017) (citing *Andra Grp., LP v. JDA Software Grp., Inc.*, No. 3:15-mc-11-K-BN, 2015 WL 12731762, at *15 (N.D. Tx. Dec. 9, 2015) (noting that "[a]bsent some special relationship or duty rising by reason of an agreement, contract, statute, or other special circumstance, the general rule is that there is no duty to preserve possible evidence for another

party to aid that other party in some future legal action against a third party")).  Moreover, "a party may be in control of evidence where the party has the legal right, authority, or practical ability to obtain material upon demand."  *Wooden*, 2017 WL 5140518, at *7 (citing *Selectica, Inc. v. Novatus, Inc.*, No. 6:13–cv–1708–Orl–40TBS, 2015 WL 1125051, at *4 (M.D. Fla. Mar. 12, 2015)).  To the extent that Plaintiff and Janova have a special relationship, both would have a duty to preserve evidence relevant to this case.

For these reasons, it is hereby

**ORDERED**:

(1) Defendant's Motion to Compel Janova Events, LLC's Production of Documents Responsive to Defendant's Subpoena (Doc. 22) is **GRANTED IN PART** and **DENIED IN PART** as discussed above.

(2) Defendant's Motion to Compel Plaintiff's Discovery Responses (Doc. 23) is **GRANTED IN PART** and **DENIED IN PART** as discussed above.

(3) Janova is directed to produce responsive documents as discussed above on or before **April 27, 2020**.

(4) Plaintiff is directed to produce responsive documents and provide supplemental interrogatory responses addressing the inadequacies discussed above on or before **April 27, 2020**.

(5) Defendant's request for fees and costs is **DENIED**.

**ORDERED** in Tampa, Florida, this 22nd day of April 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE